No. 21158.

Paul W. Wolf, County Treasurer, County of
Arapahoe v. Gary L. Antonoff and Ben H. Antonoff,
general partners doing business as G & B
Investment Co.
(423 P.2d 840)

Decided January 30, 1967. Rehearing denied March 6, 1967.

Richard D. Dittemore, J. Fred Schneider & Ronald
Lee Cooke, for plaintiff in error.

FEDER, MORRIS & FEDER, for defendants in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

GARY L. ANTONOFF and Ben H. Antonoff, general partners doing business as G & B Investment Co., which Company will hereinafter be referred to as Investment, loaned the sum of $150,000 to Thermodynamics, Inc., a Colorado corporation. As evidence of its indebtedness, Thermodynamics, Inc. executed and delivered to Investment its promissory note in amount of $150,000. As security for the payment of the note, Thermodynamics, Inc. also executed and delivered a certain chattel mortgage covering about all of the personalty then owned by Thermodynamics, Inc. The aforementioned note and chattel mortgage were executed and delivered on July 13, 1962 and these instruments were thereafter duly recorded and made a matter of public record on July 16, 1962.

On December 6, 1962 Investment caused a notice of default to be served upon Thermodynamics, Inc. On January 17, 1963 Investment instituted legal proceedings against Thermodynamics, Inc., seeking to foreclose upon the aforementioned chattel mortgage and to obtain judgment against Thermodynamics, Inc., in the amount of $145,510.32, plus interest and costs. Additionally, Investment sought and obtained the appointment of a receiver.

On May 31, 1963 Paul W. Wolf, as treasurer for the county of Arapahoe, filed with the receiver a "statement of personalty taxes assessed to Thermodynamics, Inc." in the sum of $15,465.89, which taxes were claimed to be due and owing for the calendar year of 1962.

Investment eventually obtained judgment against Thermodynamics, Inc. in the total sum of $171,000.

Thermodynamics, Inc. could not, or at least did not, satisfy the judgment thus entered against it. Upon a writ of special execution, the sheriff's sale of the property covered by the mortgage grossed only about $139,610. And therein lies the root of this controversy. In other words, there were insufficient monies to satisfy the judgment which Investment enjoys against Thermodynamics, Inc. and to also satisfy the treasurer's claim for unpaid personalty taxes for the year 1962. A dispute then arose as to the relative priority of the competing claims asserted by Investment and the treasurer for the county of Arapahoe.

Upon hearing of this matter the trial court held that under the circumstances the lien of Investment was *superior* to that of the county treasurer and that Investment's claim therefore enjoyed priority over the treasurer's claim. By writ of error the county treasurer now seeks a reversal of the decree and judgment thus entered by the trial court.

As a starting point, it is agreed that the effective date of Investment's lien on the personalty in question is July 16, 1962, the date when the note and chattel mortgage of Thermodynamics, Inc. were duly recorded. The county treasurer asserts that the effective date of the tax lien, however, is February 1, 1962, which date is the assessment date for the calendar year of 1962 as such is fixed by applicable statute. Investment, on the contrary, contends that the effective date of the tax lien was *not* February 1, 1962, and that the effective date of the tax lien did not occur until November 1, 1962, when by appropriate action the Board of County Commissioners for the county of Arapahoe made its annual tax levy. As already noted, the trial court rejected the position of the county treasurer, and decreed that Investment's lien took hold before the effective date of the tax lien. In thus concluding, the trial court committed error.

At the outset, reference should be made to certain

statutes which are relevant to the present controversy. The statute pertaining to the official assessment date, 1960 Perm. Supp., C.R.S. '53, 137-3-2, provides as follows:

*"Property assessment — official date.* — (1) All taxable property, real and personal, within this state at twelve meridian on the first day of February in the then current year shall be listed and assessed in the county wherein it shall be on the first day of February aforesaid, hereby designated as the official assessment date."

C.R.S. '53, 137-9-8, as amended, (1961 Supp.) provides as follows:

*"Lien attaches — when.* — (1) The lien of general taxes for the current tax year shall attach to all property, real and personal, not exempt by law, at twelve meridian on the assessment date in each year."

"(2) This section shall become effective on January 1, 1962."

Finally, C.R.S. '53, 137-9-12, in pertinent part, provides as follows:

*"Lien of personal property tax.* — (1) All taxes levied or assessed upon personal property of any kind whatsoever shall be and remain a perpetual lien upon the property so levied upon, until the whole amount of such tax is paid; . . . ."

■ Application of the foregoing statutes to the instant case would seem to indicate, and rather clearly, that the tax lien here in question attached to the personal property of Thermodynamics, Inc., on February 1, 1962 and that the lien thus created continues until the tax is paid. The only exception provided for in the statute is that such lien shall not attach to property "exempt by law," and this exception has no application to the present controversy.

In *City and County of Denver v. Tax Research Bureau,* 101 Colo. 140, 71 P.2d 809 this court on a dissimilar factual situation was nonetheless concerned with Chapter 142, §4, C.S.A. 1935, which was the statutory prede-

cessor of C.R.S. '53, 137-9-8, as amended, (1961 Supp.). In connection with the earlier statute, this court said:

"It is our conclusion that the lien provided for by Chapter 142, section 4, C.S.A. 1935, *supra*, does not become effective until the property is assessed and the taxes levied, *at which time the theretofore inchoate lien relates back and attaches as of April first of that year.*" (Emphasis added.)

It is to be noted that our opinion in *City and County of Denver v. Tax Research Bureau* was announced in 1937, and that the assessment was then on April 1 of the calendar year.

 Without belaboring the point, we hold that as concerns the instant controversy the effective date of the treasurer's tax lien was February 1, 1962 and that the tax lien was therefore entitled to priority over the lien of Investment, which latter lien admittedly did not take hold until July 16, 1962.

The judgment is reversed and the cause remanded with directions that the trial court enter a judgment and decree that the tax lien take priority over the lien of Investment.